ACCEPTED
01-15-00247-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 1:44:34 PM
CHRISTOPHER PRINE
CLERK

01-15-00247-CV

Motion to Stay – Petition for Permission to Appeal

IN THE

{_____} COURT OF APPEALS

at Houston Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/19/2015 1:44:34 PM

CHRISTOPHER A. PRINE
Clerk

_____
AMELIA COLVIN

Appellant,

v.

B. SPENCER & Associates, P.C.

D/B/A SPENCER & ASSOCIATES

P.C. N/IDA THE SPENCER LAW FIRM



Appellee.
_____


Appealed from the 239TH DISTRICT Court of
*BRAZORIA COUNTY*, Texas


_____

## APPELLANTS MOTION TO STAY TRIAL-COURT PROCEEDINGS

*Appellant Amelia Colvin* asks the Court to stay the trial-court proceedings pending the resolution of the petition for permission to appeal and the appeal of the interlocutory order, Special appearance under Rule 102.a and Rule 90.a Motion to Dismiss.,

### A. INTRODUCTION

1. Appellant is *Amelia Colvin* appellee is Spencer Law Firm, Bonnie Spencer and Associates, P.C. N/IDA THE SPENCER LAW FIRM

2. On March 5, 2015 *the 239 District Court of Brazoria County denied* Appellants motion to dismiss under Rule 90.a TCPRC. The trial court not rule on Special Appearance in Cause Number 74756-CV B. SPENCER & Associates, P.C. That is the subject of this proceeding. In the order, the trial court granted permission to appeal the interlocutory order. A copy of the order is attached.

3. *Appellant* files her petition for permission to appeal concurrently with this motion to stay the trial-court proceedings. The petition is attached.

There are issues raised in this Appeal. The trial court did not rule on Appellants Special Appearance. Subsequent to the Appellants filing of the Special Appearance and motion to dismiss Appellant obtained the trial court record for the first time. The special appearance should have been amended to state that the trial court lacks jurisdiction over the appellant because of lack of service under rule 106-108 and under the Hague convention. Appellant did not have time to amend her pleadings because she was not served the Appellees pleadings and motion for Default judgment was on file when she was noticed that the judgment hearing was proceeding. She was not properly served Appellees motion for default judgment and in a rush to respond before judgment was entered Appelant filed a hurried due order pleadings, Rule 102.a Rule 90.a motion to seal records because Appellee was filing medical records and

other documents in the record that were unredacted. Thereafter Appellant began to review the trial court record which is void of citations issued compliant with the rules of service. Without compliance the trial court lacks jurisdiction to make further rulings or orders for discovery in the case.  For this reason, Appellant pleads her motion for stay is granted.

## B.  ARGUMENT & AUTHORITIES

6. The Court has the authority to grant a stay of the trial-court proceedings pending the resolution of a petition for permission to appeal and the appeal of an interlocutory order when the trial court has issued a written order granting permission to appeal the interlocutory order and {*a party requests/the parties agree to*} a stay. *See* Tex. Civ. Prac. & Rem. Code §51.014(e).

7.            The Court should grant a stay of the trial-court proceedings because court lacks subject matter and in personam jurisdiction over these proceedings. If Appellate court finds in favor of the Appellant this case will be dismissed with prejudice. There are also issues of noncompliance with rule 106-108 and The Hague convention that should this court find in favor of Appellant the statute of limitations has tolled.  Should this court find in favor of Appellant the trial court has not made a ruling of findings of fact and conclusions of law which are a requirement under Rule 90.a. these will reveal issues with the Appellees case including resjudicata and no evidence of damages which may adversely affect Appellant rights and defenses. Furthermore, it appears that should the Court grant this motion, that the trial court may lack jurisdiction over this Appellant, the statute of limitations has tolled AND the issues before this and the trial court appear to have been previously decided in favor of appellant and are issue precludes res judicata, collateral attack. Should the trial court proceed to make further rulings while the issues of Statue of limitations and Special appearance have not been ruled on, the

Appellees may obtain rulings contrary to Appellate law and this court's decisions.

## C. CONCLUSION

8.  WHEREFORE, Appellant hereby requests this case be ruled on by submission, and moves that at the conclusion thereof, the Court grants Appellant permission for Appellant Amelia Colvin to file an interlocutory appeal. Appellant Amelia Colvin further requests that the Court issue a stay of the proceedings pending the disposition of the interlocutory appeal.

## D. PRAYER

9. For these reasons, Appellant prays the Court to grant this motion and stay the trial-court proceedings.



*Amelia Colvin PRO SE*
102 REDCLIFF GARDENS FLAT 8
LONDON ENGLAND SW10 9HH
Tel. USA *203 992 7334*